IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEWIS DEDRICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS (BOPS), )<br>)<br>Respondent. ) | Case No. CIV-05-1040-W |

## **REPORT AND RECOMMENDATION**

Mr. Jerry Dedrick, a federal prisoner, seeks a writ of habeas corpus based on the lack of emergency call buttons. The undersigned recommends summary dismissal of the petition.[1]

UNAVAILABILITY OF HABEAS RELIEF

Even if Mr. Dedrick's allegations were true, the Petitioner would not be entitled to relief. The allegations involve conditions of confinement, and they would not support habeas relief.[2]

INAPPROPRIATENESS OF RECHARACTERIZATION

Mr. Dedrick's allegations could be recharacterized under a cause of action tailored to the nature of the alleged misconduct. But "even fully informed district courts that try their

---

[1] The Court may conduct a preliminary review of the petition. *See* Rules 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.

[2] *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("We have . . . recognized that federal claims challenging the conditions of his confinement generally do not arise under § 2241." (citations omitted)); *Owens-El v. Pugh*, 16 Fed. Appx. 878, 879 (10th Cir. Aug. 1, 2001) (unpublished op.) ("[W]e [have] held that a petitioner may not raise challenges to conditions of confinement in a [habeas] petition." (citations omitted)).

best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization . . . ." *Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring). Here, recharacterization could adversely affect Mr. Dedrick in two ways.

First, the claim would potentially be subject to dismissal for lack of a proper party or nonexhaustion of available administrative remedies.

The sole defendant is the Bureau of Prisons, which is an improper party in a suit arising out of the Federal Tort Claims Act or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 484-85 (1994) (holding that a *Bivens* suit is unavailable against a federal agency); *Rogers v. Federal Bureau of Prisons*, 105 Fed. Appx. 980, 984 (10th Cir. Aug. 2, 2004) (unpublished op.) (concluding that the Bureau of Prisons was not a proper defendant in a claim under the Federal Tort Claims Act).

Even if a proper party had been named, the action could be dismissed for nonexhaustion of available administrative remedies. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). Mr. Dedrick alleged sabotage of his efforts to obtain administrative remedies. Application for Writ of Habeas Corpus at p. 1 (Sept. 7, 2005).[3] But the Petitioner failed to describe with any particularity his attempts to utilize the prison

---

[3] The Petitioner also asserts that "attempts at exhaustion would be 'patently futile.'" Application for Writ of Habeas Corpus at p. 1 (Sept. 7, 2005). But futility does not excuse exhaustion under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise" (citations omitted)).

grievance system. For example, Mr. Dedrick did not attach any documents, give the dates on which he submitted grievances, or identify the recipients of the grievances. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004). Thus, if the Court were to recast Mr. Dedrick's petition, it could be subject to dismissal for nonexhaustion of administrative remedies.[4]

Second, if the Court recharacterized the action, Mr. Dedrick would be required to pay an additional $250.00 filing fee. *See* 28 U.S.C. § 1914(a) (2000); W.D. Okla. LCvR 3.2.[5]

For both reasons, the Court should resist *sua sponte* conversion and allow the Petitioner to decide whether to pursue relief in a civil rights action.

RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the Court should summarily dismiss the petition. Mr. Dedrick's claim is not cognizable in habeas proceedings, and the Court should decline to recharacterize the action.

The Petitioner may object to this report and recommendation. To do so, Mr. Dedrick must file an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is November 14, 2005. *See* W.D. Okla. LCvR 72.1(a). Failure to file

---

[4] If the action were recharacterized and dismissed for nonexhaustion, the ruling could imperil future requests by Mr. Dedrick for pauper status. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004).

[5] Even though Mr. Dedrick is proceeding *in forma pauperis*, he would remain responsible for the full filing fee. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1) (2000).

timely objections would result in waiver of the right to appeal the recommended dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

This referral to the undersigned is terminated.

Entered this 24th day of October, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge